IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETROFF TRUCKING COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 05-CV-414-WDS |
| ) | |
| ENVIROCON, INC. and BRIAN BELL, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand, to which defendant Envirocon, Inc. has filed a response.

In its motion to remand, plaintiff claims that there is no diversity of citizenship, the amount in controversy requirement has not been met, and there was a procedural error in the removal. The Court will address these claims seriatim.

**I.     Diversity of Citizenship**

Plaintiff, a citizen of the State of Illinois, asserts that both defendants, Envirocon, Inc. and Brian Bell, are citizens of the State of Illinois. In support of this claim, it has attached an internet "white pages" listing, which show that Envirocon, Inc. (which was incorporated in the State of Montana) maintains an office in West Chicago, Illinois, and that some individual named Brian Bell has an Illinois address. (See, Doc. 7, Exs. A, B).

In response, Envirocon argues that while it does maintain an office in West Chicago, Illinois, its main business operations are conducted in Missoula, Montana; the day-to-day operational decisions of the company are made at its corporate headquarters in Montana; its accounting department, legal department, contracts department, human resources department,

equipment department and procurement department are all located in Montana; the corporate records and principal bank accounts are located in Montana; and all directors are employed and reside in Montana. (See, Doc. 14, Ex. A). Plaintiff has not submitted evidence to refute that of Envirocon. "According to the Seventh Circuit, a corporation's principal place of business is deemed the 'place where the corporation has its nerve center.'" *Pharmaceutical Co. v. Great American Assurance Co.*, 2005 WL 782714, at *2 (N.D. Ill. Apr. 5, 2005) (citing *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir.1993)). Here, it is clear that Envirocon's "nerve center" is in the State of Montana and not Illinois.

With respect to Brian Bell, Envirocon has submitted a sworn statement of Brian Bell, in which he declares that he resides in the State of Indiana; that he has lived at his present address in Indiana since early 2002; that he has never lived in nor owned real property in the State of Illinois; and that he files state tax returns in Indiana and has an Indiana drivers' license. He further asserts that he has not been served with a copy of the complaint in this case. (See, Doc. 14, Ex. B). Again, plaintiff presents no evidence to refute that of Envirocon. Clearly, Brian Bell is a citizen of the State of Indiana. Accordingly, the Court finds that complete diversity of citizenship exists in this case.

**II.    Amount in Controversy**

Plaintiff next argues that the amount in controversy requirement has not been met, and that the complaint merely seeks damages in excess of $50,000. However, Envirocon has submitted uncontroverted evidence in support of its claim that removal was proper, specifically, a letter dated May 3, 2005, in which plaintiff states that Envirocon owes plaintiff the sum of $103,437.95. (See, Doc. 14, Ex. A-1). Thus, the amount in controversy exceeds $75,000.

**III.   Procedural Defect in Removal**

Finally, plaintiff claims that the removal was defective in that defendant Brian Bell did not join in the removal petition. However, as noted above, Brian Bell had not been served at the time of removal, nor as of June 24, 2005 (see, Doc. 14, Ex. B); accordingly, plaintiff's argument is without merit. See, *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("requirement that all defendants join in the motion may not be necessary if, for example, the non-joining party had not yet been served").

Based on the foregoing, the Court **DENIES** plaintiff's motion to remand.

**IT IS SO ORDERED.**

**DATED:   July 19, 2005.**


                                        s/ WILLIAM D. STIEHL
                                         **DISTRICT JUDGE**