## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PETROFF TRUCKING COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 05-CV-414-WDS** |
| | ) | |
| **ENVIROCON, INC. and BRIAN BELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### O R D E R

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to alter or amend the Court's July 19, 2005 Order denying plaintiff's motion to remand, to which defendant has filed a response.

Plaintiff takes issue with Court's conclusion that the removal was proper, despite that fact that defendant Brian Bell did not join in the removal petition because Bell had not been served. Plaintiff concedes that a defendant need not join in the removal petition if the non-joining defendant has not been served; rather, plaintiff argues that it is defendants' failure to explain in the removal petition why Brian Bell did not join in the removal petition that is fatal to the removal of this action.[1]  Plaintiff states that "[a]ny subsequent briefs or affidavits cannot cure this procedural defect that is contained in the Notice of Removal," yet fails to cite a single case to support that assertion.

It is true that the Notice of Removal is defective on its face, because not all defendants joined in the notice, and Envirocon, Inc., the removing defendant, did not explain why Bell's consent was unnecessary. *Shaw v. Dow Brands, Inc*., 994 F.2d 364, 368 (7th Cir. 1993).  The

---

[1]The Court notes that plaintiff does not dispute that Brian Bell has not been served.

Court finds, however, that the notice was not so defective as to be incurable.  See, *id.* at 369 ("[S]ince the absence of the other defendant[] was justified... [the Court] is not willing to punish [defendant] for what is, after all, a technicality that doesn't go to the heart of jurisdiction.").

Further, amendments to correct "defective allegations of jurisdiction" are permitted under 28 U.S.C. § 1653 at any time.  See, *id.* at 368-69.

Accordingly, the Court **DENIES** plaintiff's motion to alter or amend.  Further, insofar as Envirocon, Inc. requests reimbursement of its fees and costs incurred in responding to the motions to remand and to alter or amend, that request is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 19, 2005.**

s/*WILLIAM D. STIEHL*
**DISTRICT JUDGE**