## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETROFF TRUCKING COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 05-CV-414-WDS |
| ENVIROCON, INC. and BRIAN BELL, | ) ) | |
| Defendants. | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for summary judgment (Doc. 41), to which defendants have responded (Doc. 42).

### BACKGROUND

Plaintiff originally filed its complaint in state court. Defendants removed the matter to federal court. Plaintiff is an Illinois Corporation involved in trucking and hauling. Plaintiff executed a contract with defendant Envirocon, Inc. relating to a job in Granite City, Illinois. (Doc. 2, Ex. A). In its complaint, plaintiff alleges that Envirocon breached this contract by failing to remit to plaintiff funds owed for work done, failing to purchase various loads called for in the contract, and/or failing to use plaintiff's personnel and equipment as required by the contract. (Doc. 2, ¶ 5). Plaintiff's complaint further alleges that defendant Brian Bell was the project director for Envirocon. Count II of the complaint alleges that Bell interfered with plaintiff's business expectancy and caused Envirocon to breach its contract with plaintiff.

In his answer, Bell claims that the relief sought by plaintiff is barred by the following affirmative defenses: one, that the complaint fails to state a claim upon which relief can be

Case 3:05-cv-00414-WDS-DGW   Document 59   Filed 10/13/06   Page 2 of 6   Page ID #380

granted; two, because plaintiff has failed to mitigate its damages, if any; three, defendants did

not legally or proximately cause plaintiff's alleged injury; four, the doctrine of accord and

satisfaction; five, "the Subcontract Agreement expressly provides that final payment to Plaintiff

would be based on a determination of final topographically surveyed quantities of actual

materials placed, less progress payments made by Envirocon;" six, Bell is not a "third party" as

required in a successful claim of tortious interference; seven, Bell is entitled to immunity as an

employee of Envirocon; and eight, waiver and/or estoppel. Envirocon also asserted several

affirmative defenses in its Answer.

Plaintiff now moves for summary judgment against defendant Envirocon on all counts,

and against both defendants on their First, Second and Fourth Affirmative Defenses.[1]

**A.      The case in chief against Envirocon.**

Plaintiff seeks summary judgment in its favor on all Counts relating to defendant

Envirocon.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogato-

ries, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(c). The moving party initially bears the burden to demonstrate an

absence of genuine issues of material fact, indicating judgment should be granted as a matter of

law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (*citing Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986)). Once a motion for summary judgment has been made and

---

[1]Though defendants filed their answers separately, their stated First, Second, and Fourth Affirmative
Defenses are identical. (Docs. 5 & 27).

2

properly supported, however, the nonmovant has the burden of setting forth specific facts

showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine

issue of material fact exists, the Court construes all facts in the light most favorable to the

nonmoving party and draws all reasonable and justifiable inferences in that party's favor.

*Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks summary judgment against Envirocon "on all counts;" however, only

Count 1 of plaintiff's complaint is against Envirocon. In Count 1, plaintiff alleges that defendant

Envirocon breached its contract with defendant by failing to remit to plaintiff funds owed for

work done, failing to purchase various loads called for in the contract, and/or failing to use

plaintiff's personnel and equipment, which were contracted for use. (Doc. 2, ¶ 5). In support of

its motion, plaintiff asserts many "uncontroverted" facts that it purports show that Envirocon

breached its duty. In its response, Envirocon also asserts many "uncontroverted" facts in its

defense. The Court finds neither argument to be persuasive. When viewing the facts in the light

most favorable to the nonmoving party, summary judgment is not appropriate on this Count.

Genuine issues of material fact remain as to whether Envirocon breached the contract or plaintiff

released Envirocon from its obligations. Plaintiff's motion for summary judgment as to Count 1

against Envirocon is, therefore, **DENIED**.

**B.** **The Affirmative Defenses.**

Plaintiff seeks summary judgment in its favor on defendants' First, Second, and Fourth

Affirmative Defenses. In its argument, plaintiff refers to no facts outside the pleadings when

attacking defendants' First and Second Affirmative Defenses. Of course, this is really an attack

on the pleadings, and not an attack on the merits of defendant's claims; therefore, the Court

could not possibly grant summary judgment on the affirmative defenses. The Court will,

however, consider plaintiff's motion for summary judgment on these affirmative defenses as a

motion to strike pursuant to Federal Rules of Civil Procedure Rule 12(f).

Federal Rule of Civil Procedure 12(f) permits a district court to strike portions of a

pleading "[u]pon motion made by a party before responding to a pleading, or if no responsive

pleading is permitted by these rules, upon motion made by a party within 20 days after the

service of the pleading upon the party." The Federal Rules do not permit a response to an answer

that does not contain a counterclaim. *See* Fed. R. Civ. P. 7(a). Accordingly, plaintiff's motion

should have been made within 20 days after service of Envirocon's Answer upon plaintiff, as it

did not contain a counterclaim. Envirocon's Answer was served on June 16, 2005. (Doc. 5). The

motion before the Court was filed on May 22, 2006, nearly a year later and, accordingly, well

beyond the 20 day window. Therefore, plaintiff's motion for summary judgment as to defen-

dants' First and Second Affirmative Defenses, which the Court construes as a motion to strike

said defenses, is **DENIED** as untimely.[2]

When arguing it is entitled to summary judgment on defendants' Fourth Affirmative

Defense, plaintiff does refer the Court to matters outside the pleadings; thus, this argument is

correctly classified as a motion for summary judgment. District Courts within the Seventh

Circuit "routinely entertain motions for partial summary judgment seeking the dismissal of

---

[2]The Court notes that motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading. *See, e.g., Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law of if they present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) (internal citations omitted).

affirmative defenses." *Wildey v. Springs*, 1993 WL 350195 (N.D. Ill. 1993) (internal citations

omitted). As the *Wildey* court explained:

> Although there is reasonable debate on the propriety of granting
> partial summary judgment on a motion that seeks to dispose of less
> than an entire claim, the court finds that Rule 56(d) permits the
> disposition of a motion for partial summary judgment on an affir-
> mative defense. In *Lovejoy Electronics, Inc. v. O'Berto*, 616 F.
> Supp. 1464 (N.D. Ill. 1985), the court explained Rule 56(d) as
> follows:

> Although . . . commonly referred to as a "partial summary judg-
> ment," it is really no more than a pretrial adjudication, interlocu-
> tory in character, specifying certain issues to be "deemed estab-
> lished" for trial. 6 J. Moore & J. Wicker, Moore's Federal Practice
> ¶ 56.20 (2d ed. 1948). Its purpose is to "salvage some results from
> the judicial effort involved in the denial of a motion for summary
> judgment," and to "frame and narrow the triable issues if the court
> finds that such an order would be helpful to the progress of the
> litigation."

*Id.* at *1-2. This Court agrees. Because the motion presently before the Court does not attempt to

partition a single claim and because the motion promotes judicial economy (at least in theory)

the Court will rule on the merits of the motion.

In their Fourth Affirmative Defense, defendants plead accord and satisfaction. In its

motion for summary judgment, plaintiff claims it is entitled to summary judgment on this

Affirmative Defense because defendants have only one document to support this defense and it

is, so plaintiff claims, inadmissible. However, plaintiff fails to argue why said document is

inadmissible. Plaintiff's  argument is scant, at best. As stated above, it is plaintiff's burden to

support its motion and it has failed to do so. Accordingly, plaintiff's motion for summary

judgment as to defendants' Fourth Affirmative Defense is **DENIED**.

## CONCLUSION

Plaintiff's motion for summary judgment (Doc. 41) is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATED:   October 13, 2006.**


**s/ WILLIAM D. STIEHL**
   **DISTRICT JUDGE**